MUNICIPALITY OF GURABO ET AL., Petitioners, v. DISTRICT COURT OF HUMACAO, Respondent.

No. 1278. Argued March 9, 1942.—Decided March 29, 1942.

M. *Velázquez.Flores* for petitioners. The respondent judge appeared by brief.

Mr. Justice Travieso delivered the opinion of the court.

Ramón Mercado instituted, in the District Court of Humacao, an injunction proceeding to recover possession of a certain lot. He alleged that within the year next preceding the filing of the complaint he was in the actual possession of said lot and that the defendant Municipality of Gurabo, through its employees, entered upon the property, destroyed the fence, and opened a street over the lot for public traffic. He prayed for a judgment directing that the possession of the lot be restored to him and "ordering the defendant to abstain in the future from performing any act with the manifest purpose of disturbing the plaintiff in the possession, occupancy, and enjoyment of the lot described in the within complaint, under penalty of punishment as for contempt."

After the complaint had been answered by the Municipality of Gurabo and the case tried, the District Court of Humacao rendered judgment in favor of the plaintiff, in the following terms:

### "JUDGMENT"

"For the reasons set forth in the opinion filed in the case at bar, this court renders judgment sustaining the complaint and directing that the plaintiff recover possession of the following property:

" 'Urban: Lot situated on Flores Street, in the town of Gurabo, having a frontage of eight meters and a depth of thirty-one meters, equivalent to two hundred and forty-eight square meters, and bounded on the north by land of Ramón Mercado; and on the south by land of Alejandro Cruz; on the east by Diente de Caballo Brook; and on the west by Flores Street.

"The defendant is further ordered to deliver possession of the said property to the plaintiff, and in the future to refrain from committing any act with the manifest purpose of disturbing the plaintiff in the possession of the lot described in the within judgment, all under penalty of punishment as for contempt.

"The defendant is further adjudged to pay the costs and the additional sum of $50 as attorney's fees. Let notice hereof be served.

"Humacao, P. R., September 12, 1941.

"Benjamín Ortiz,
District Judge."

On September 16, 1941, the defendant municipality appealed to the Supreme Court, the notice of appeal being served and filed on that same day.

On December 12, 1941, the plaintiff Mercado filed in the lower court a motion in which he alleged that, notwithstanding the terms of the judgment, Doña Manuela Gómez, with the authorization of the defendant municipality, was building a house on the lot in question; and that the acts done by the municipality and Mrs. Gómez constituted a violation of the judgment and a contempt of court.

After a rule to show cause had been issued, the municipality and the mayor, Mr. José Casellas, appeared and were heard. On January 26, 1942, the lower court rendered judgment finding them guilty of contempt, and sentencing the former to pay a fine of $10 and the latter a fine of $5.

Upon a reconsideration of the judgment being requested, the trial court denied the same by the following order:

### "ORDER

"On reading the motion for reconsideration as to the contempt proceeding; in view of the case of *Muñoz* v. *Montañez*, 37 P.R.R. 298; and in view of the fact that an appeal from a prohibitory injunction does not operate as a stay of the prohibitory injunction granted, as otherwise the judgment entered by this court would be rendered academic and ineffective, since if the acts prohibited by the injunction and alleged in the motion for contempt (that is, the building of the house on the lot, the subject matter of this suit) were executed, an affirmance of the judgment by the Supreme Court would be academic, as the house would have already been built; and in view of the settled doctrine laid down by the Supreme Court of the United States and by the courts in almost all the States of the Union, to the effect that a prohibitory injunction is not stayed by an appeal (93 A.L.R. 710; *Byington* v. *Superior Court,* 14 Col. (2d) 68); and in view of the fact that the rules applicable to injunction proceedings are separate and apart from the provisions of the Code of Civil Procedure which relate to the stay of judgments appealed from; and in view of the decisions and legal logic applicable to the case, this court feels constrained to respectfully express its opinion,

that the case of *Muñoz* v. *Montañez, supra,* should be overruled by our Supreme Court, and the court does hereby deny the motion for reconsideration. Let notice hereof be served.

"Humacao, P. R., February 20, 1942.

"BENJAMÍN ORTIZ,
District Judge."

In the petition for certiorari filed in this Supreme Court, the municipality and the mayor allege that the facts set forth in the motion for contempt are insufficient to justify the judgment, and that the trial court lacked jurisdiction to punish them as for contempt, because the appeal taken from the judgment in the injunction proceeding operated as a stay of all proceedings in the lower court, in accordance with the provisions of §§ 297 and 298 of the Code of Civil Procedure, 1933 ed.

The object of the action brought by Ramón Mercado was to recover the possession of an immovable of which he had been deprived. The possessor of the immovable, both at the time of the filing of the complaint and throughout all the subsequent proceedings taken, was and is the defendant municipality.

Section 6 of the "Act providing proceedings for the recovery of possession of real property," approved March 13, 1913 (§ 695, Code Civ. Proc., 1933 ed.), reads as follows:

"That such injunction shall direct that the plaintiff be restored to possession and shall require the disturber to abstain in future from the commission of such acts, or of others which show the same intent, and shall warn him that disobedience of such injunction shall constitute contempt of court."

According to § 1 of said act (§ 690, Code Civ. Proc., 1933 ed.), an injunction may be granted in two specific cases, to wit: (*a*) for the retention of possession, where the interested party shows "that he has been disturbed in his possession or tenancy of said property by acts showing intention of disturbing or depriving him of such possession";

and (*b*) for the recovery thereof, where the interested party has already been deprived of the possession of tenancy of the immovable, provided such deprivation has taken place within the year preceding the filing of the complaint. The case at bar falls within subdivision (*b*), *supra*.

The judgment of the lower court contains the following pronouncements:

1. That the possession of the lot be restored to the plaintiff.

2. That the defendant deliver possession of the property to the plaintiff.

3. That the defendant *in the future* refrain from committing any act with the manifest purpose *of disturbing the plaintiff in the possession of the lot.*

4. All with a warning of punishment as for contempt of court.

The law authorizing the special proceeding for the retention or recovery of possession contains no provision granting the right of appeal to the Supreme Court. That right exists by virtue of § 295 of the Code of Civil Procedure, which provides that an appeal may be taken to the Supreme Court from "a final judgment in an action or *special proceeding* commenced in the court in which the same is rendered." In the case of *Muñoz* v. *Montañez*, 37 P.R.R. 298, it was held that the right of appeal exists in this kind of proceeding and must be governed by the provisions of the Code of Civil Procedure; and that the taking of an appeal "stays all proceedings in the court below with certain exceptions, among which the present case is not to be found. . . ."

The respondent judge asks us to overrule the decision of this court in *Muñoz* v. *Montañez, supra,* on the grounds (*a*) that an appeal from a *prohibitory* injunction does not operate as a stay of the judgment, a doctrine upheld by the Federal Supreme Court and by the decisions of the courts in almost all the States of the Union; (*b*) that the rules appli-

cable to injunctions are separate and apart from the provisions of the Code of Civil Procedure relating to the stay of judgments appealed from; and (c) that it is so demanded not only by the decisions but also by the applicable legal logic. In order to determine whether said case should be overruled, or whether it can be distinguished from the decisions cited in support of the invoked doctrine, it is necessary that we should make a careful study of the same.

In said case there was invoked a petition for injunction *to retain* possession. The plaintiffs prayed "that an order be issued restraining the defendant from further committing the acts which he had been committing, or others of a like nature, and ordering him not to disturb the plaintiffs in the peaceful possession of the property, warning him that violation of the order would be contempt." In a motion filed by the plaintiff it was alleged that, notwithstanding the demand made upon him, "the defendant has not removed the fence built by him on the said parcel of land nor ceased cultivating it through his employees." It was further alleged that, although the judgment had been appealed from, it was a case in which the order should be complied with, notwithstanding the appeal; and that by reason of his refusal to comply with the order, the defendant was guilty of contempt. The lower court refused to punish the defendant as for contempt, on the ground that the judgment could not be executed because an appeal had been taken therefrom. In their argument on appeal the appellants maintained that there was involved a special case "requiring the immediate execution of the judgment." In confirming the judgment appealed from this Supreme Court said:

"No provision is made in that Act that the judgment rendered should be executed immediately. No special measures are mentioned. The only provision is for a speedy proceeding. Nor is anything said with respect to the right of appeal, but by applying the general provisions of the Code of Civil Procedure, to which special reference is made regarding the form of the wording of the

complaint, we must acknowledge that the right exists and is governed by the provisions of the said code.

"This being so, the case must be governed by the general law on the execution of judgments and appeals.

" *     *     *     *     *     *     *

"Moreover, that the appeal taken stays all proceedings in the court below with certain exceptions, among which the present case is not to be found, is clearly established by the law itself, as follows:

" 'Section 296.—An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney.

" 'Section 297.—Whenever an appeal is perfected, it stays all further proceedings in the court below, upon the judgment or order appealed from, or upon the matters embraced therein; but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from.

" 'Section 298.—The perfecting of an appeal stays proceedings in the court below upon the judgment or order appealed from, except where it directs the sale of perishable property; in which case the court below may order the property to be sold and the proceeds thereof to be deposited, to abide the judgment of the appellate court. And, except, also, when it adjudges the defendant guilty of usurping or intruding into, or unlawfully holding public office, civil or military, within said Island. And, except, also where the order grants, or refuses to grant, a change of the place of trial of an action.' "

When account is taken of the situation which was sought to be corrected in said case by means of a writ of injunction, it will be seen that the decision of this court also finds support in the cases cited by the respondent judge. In *Muñoz* v. *Montañez*, there was evidently involved a suit between adjoining landowners, in which the plaintiff sought to compel the defendant to remove a fence built by him on the land in dispute. The order of injunction, by virtue of which the defendant was bound to remove the fence built by him, was of a mandatory character, and upon an appeal being taken therefrom the same operated as a stay.

■ Before the enactment of the Law of March 13, 1913 (Act No. 43, Laws of 1913, p. 83), which established the injunction proceeding for the recovery of the possession of real property, a person who had been deprived of the possession of his property could not resort to the regular (*clásico*) injunction proceeding in order to recover the possession or tenancy of the immovable. Up to 1913 it was considered that an ordinary legal action was adequate and sufficient for the protection of the ousted person. The law enacted that year created the special remedy of injunction for the recovery of possession, for which there is no precedent in Equity practice, and the same has been made applicable only to those cases where the plaintiff alleges and proves that he has been deprived of the possession within the year preceding the filing of the complaint. Therefore, under the present state of our law, a person who has been deprived of the possession of an immovable has available two adequate legal remedies for the recovery thereof: (1) the special remedy of injunction granted to him by the Act of March 13, 1913, and (2) an ordinary action to recover possession. Our attention has not been called to any decision holding that one who has lost the possession of an immovable can resort to Equity in order to recover the same. In the case at bar the plaintiff has resorted to the special remedy provided by the said Act of March 13, 1913.

■ The decisions on which the respondent judge relies, and which are gathered in the monograph published in 93 A.L.R., pp. 709 to 723, uphold the following rules:

1. Where the injunction judgment or order is strictly *prohibitory* in character, the taking of an appeal does not stay the judgment or order appealed from. A prohibitory judgment is self-executing and needs no process to put it into execution. The only effect of an appeal in such cases is to maintain the *status quo*.

2. Where the injunction judgment or order appealed from is wholly *mandatory,* the appeal suspends the effect thereof.

The object of such a suspension is to maintain the *status quo,* for if the judgment or order appealed from were executed a final adjudication in favor of the appellant might result in a barren victory.

3. Where the injunction judgment or order contains some provisions which are prohibitory and others which are mandatory, an appeal does not suspend the effect of the former but does suspend that of the latter.

4. Where the fundamental purpose of the injunction is mandatory in character and the prohibitory feature thereof is subordinate and incidental to the mandatory provisions, an appeal suspends the injunction in its entirety.

Conceding, without holding, that the foregoing rules are applicable to a case of injunction to recover possession, instituted in accordance with the statute providing for that special proceeding, the case at bar would, in our judgment, be governed by Rule No. 4.

If we bear in mind that the defendant municipality is the one which now holds the actual possession of the immovable, and that the party seeking to recover the possession is the plaintiff, it will be readily seen that a judgment in favor of the plaintiff had to be essentially mandatory and incidentally prohibitory. For that reason the first two pronouncements of the judgment rendered by the respondent judge, to wit, (1) "that the possession of the lot be restored to the plaintiff," and (2) "that the defendant deliver possession of the property to the plaintiff" are strictly affirmative and mandatory, and should they be executed, they would completely alter the *status quo.* The third pronouncement: "that the defendant in the future refrain from committing any act with the manifest purpose of disturbing the plaintiff in the possession of the lot," complies with the provisions of § 6 of the Act (§ 695, Code Civ. Proc.) and is prohibitory in character. However, it is so intimately connected with and subordinate to the execution of the mandatory pronouncements, that in reality it could operate only

after the latter had been complied with and the plaintiff had been placed in possession of the lot. It is after compliance with that requisite that the defendant must *in the future* refrain from disturbing the plaintiff in his possession. How can it be said that the municipality, which now holds and will continue to hold possession by virtue of the appeal, must refrain from committing any acts that might disturb the plaintiff in a possession which he does not hold and which he can not hold until the appeal taken by the defendant in possession has been determined?

The provision enjoining the defendant, under penalty of punishment as for contempt, after the possession has been restored to the plaintiff, from further disturbing the plaintiff in the use and enjoyment of the immovable, has been inserted in order to put an end to the dispute between the parties regarding the possession of the immovable, and to avoid a repetition of the acts which gave rise to the litigation. It seems natural and logical that said provision could have no effect until the *status quo* has been altered by taking the possession away from the defendant and restoring it to the plaintiff.

So long as the defendant continues in possession of the property and the injunction order is suspended by virtue of the pending appeal, such a possession entitles the defendant to continue to enjoy the property together with all the rights and liabilities incident to said possession. Should the defendant commit any act tending to impair the value of the immovable, the person who claimed to be entitled to the possession of the property could apply to the court for an order of injunction restraining such an act; but he must do so by petition in an ordinary suit for injunction, and not within the special proceeding authorized by the Act of March 13, 1913.

For the reasons stated we must hold that, as an appeal had been taken from the judgment rendered by the lower

court, the operation of said judgment was suspended, and the lower court lacked jurisdiction to punish the petitioners as for contempt.

The judgment sought to be reviewed must be set aside.